IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD JOSE DUPREE,

      Plaintiff,                    No. 2:10-cv-2902 CKD P

      vs.

JULIE CHEN, et al.

      Defendants.           <u>ORDER</u>

                              /

        Petitioner, a state prisoner proceeding without counsel, has initiated a civil action on the form for filing a complaint under 42 U.S.C. § 1983.  Petitioner has consented to the magistrate judge's jurisdiction under 28 U.S.C. § 636(c).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28

(9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

Plaintiff alleges that he "has been targeted by the television networks' satellite meteorologists who have stolen materials of [plaintiff] in the form of lyrics and materials." Complaint at 2. The allegations are clearly delusional. Although the court ordinarily grants a plaintiff leave to amend an complaint that on its face states no cognizable claim for relief, in this case it is apparent that, on the facts alleged, plaintiff will not be able to state a plausible legal or factual basis on which this court could order the complaint served. See Iqbal, 129 S. Ct. at 1949. In such circumstances, the court's screening duty requires it to dismiss the complaint without

leave to amend.

In light of the nature of plaintiff's allegations, the court will direct the Clerk of Court to send a copy of the petition and this order to counsel for the plaintiff class in <u>Coleman v. Brown</u>, No. 2:90-cv-0520 LKK JFM.

Accordingly, IT IS HEREBY ORDERED that:

1. This action be dismissed without prejudice.

2. The Clerk of the Court is directed to send a copy of petitioner's application together with a copy of this order to Rosen, Bien and Galvan, 315 Montgomery Street, Tenth Floor, San Francisco, CA 94104.

DATED: August 3, 2011          /s/ Carolyn K. Delaney
                               United States Magistrate Judge

3
dupr2902.ord